UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAMIRO VALLEJO, | ) | CASE NO. 3:08 CV 2564 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| ALAN SANFORD KONOP, ESQ., et al., | ) | |
| | ) | |
| Defendants. | ) | |

On October 29, 2008, pro se plaintiff Ramiro Vallejo filed the above-captioned

action against his former criminal defense attorneys, Alan Sanford Konop and Nicole Khoury. He

claims this is both an action under 42 U.S.C. § 1983 and an action based on diversity jurisdiction.

In the complaint, plaintiff alleges his attorneys committed legal malpractice during the course of

his criminal prosecution. He seeks monetary damages.

**Background**

Mr. Vallejo alleges he was the defendant in a criminal action in the United States

District Court for the Northern District of Ohio in 2004. Mr. Konop and Ms. Khoury were

appointed by the court to represent him. He claims his attorneys failed to fully investigate the facts

in the indictment, "uttered false and misleading threats of increased incarceration if Vallejo asserted

his constitutional right to trial by jury," failed to present exculpatory evidence, failed to discussed

discovery matters with him, breached attorney/client confidences by providing information to the

Probation Department, failed to file "all necessary and appropriate pre-trial motions," did not

protect his right to a speedy trial and failed to protect his interests at a sentencing hearing.  Vallejo

was sentenced on June 20, 2005 to a term of 80 months imprisonment.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S.

364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v.

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City

of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

## I.  42 U.S.C. § 1983

To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a

person acting under color of state law  deprived him of rights, privileges, or immunities secured by

the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).  Mr.

Vallejo has not satisfied either of these elements.

As an initial matter, the defendants are not persons acting under color of state law.

---

[1]       An in forma pauperis claim may be dismissed sua sponte, without prior notice to the
plaintiff and without service of process on the defendant, if the court explicitly states that it is
invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the
reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997);
Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris
v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir.
1985).

Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee.  A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action."  Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state.  Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). A criminal defense attorney is not considered a state actor under 42 U.S.C. § 1983, even if the attorney was appointed by the court.  Washington v. Brewer, No. 91-1935, 1991 WL 243591 (6th Cir. Nov. 21, 1991); see also, Polk County v. Dodson, 454 U.S. 312, 321 (1981).  The complaint contains no other allegations against these defendants which could reasonably suggest that they acted "under color of state law."

Moreover, Mr. Vallejo has not alleged that the defendants deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  He asserts causes of action for legal malpractice which arise, if at all, under Ohio tort law.  Principles requiring generous construction of  pro se pleadings are not without limits.  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Beaudett, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore

3

exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.  Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action.  See Wells v. Brown, 891 F.2d at 594.  Mr. Vallejo has not stated a federal claim which would support an action under 42 U.S.C. § 1983.

Finally, even if Mr. Vallejo had stated a viable claim under 42 U.S.C. § 1983, he cannot collaterally attack his conviction in a civil rights action.  A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside.  See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994).  The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief.  Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998).  Mr. Vallejo contends that but for the actions of the defendants, he would have received a more favorable outcome.  He pled guilty to the charges against him.  He does not allege his conviction or sentence has been declared invalid by either an Ohio state court or a federal habeas corpus decision.  His claims must therefore be dismissed.

## II. Legal Malpractice

Mr. Vallejo's legal malpractice claims must also be dismissed.  It is obvious on the face of the complaint that the statute of limitations for bringing a malpractice claim expired before

4

plaintiff filed this action.  LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th

Cir. 1995).  Under Ohio law, legal malpractice claims must be brought within one year from the

date the cause of action accrues. OHIO REVISED CODE § 2305.11(A).  Mr. Vallejo was sentenced

in the criminal action on June 20, 2005.  He filed this action on October 29, 2008, well beyond the

one year statute of limitations period.  There would thus be no purpose in allowing this matter to

go forward in view of the fact that it is clearly time-barred.  See, Fraley v. Ohio Gallia County, No.

97-3564, 1998 WL 789385 at *1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se

section 1983 action filed after two year statute of limitations for bringing such an action had

expired); see also, Ashiegbu v. Kim, No. 97-3303, 1998 WL 211796 (6th Cir. Apr. 24,

1998)(section 1915(e) sua sponte dismissal is appropriate where claim is barred by statute of

limitations).

## Conclusion

Accordingly,  this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court

certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in

good faith.[2]

IT IS SO ORDERED.


S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not
taken in good faith.